**MEMO ENDORSED**

RECEIVED DEC 18 2018 JUDGE KAPLAN'S CHAMBERS

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 20 2018

Copies mailed
Chambers of Judge Kaplan
DEC 20 2018

To: The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

December 8, 2018

Re: Mohammad Salameh v. United States, 16 Civ. 5184 (LAK)

Dear Judge Kaplan:

    I am seeking your intervention to rectify the Complex Warden Andre Matevousian's violation to my First Amendment right of free speech, and his abuse of authority.

(1) On October 18, 2018, Warden Matevousian blocked me from accessing any functions on institutional computers and institutional phones.

(2) This prevented me from: (1) placing phonecalls, (2) sending e-mails, (3) viewing my account balance and managing my funds, (4) refilling my prescriptions, (5) requesting new contacts in the community, (6) viewing my approved contacts list, (7) filing electronic requests to staff, (8) utilizing the Office of Inspector General's sexual abuse reporting function, (9) printing, (10) viewing all BOP policies, (11) viewing the institution's bulletin board, and (12) accessing any law library functions. This list is not comprehensive.

(3) I am originally from Jordan and most of my family lives in Jordan, so e-mail and phone access are vital to maintaining reasonable communications with them, as regular mail can take weeks or months to travel between America and Jordan.

Cont'd. Page 2 →

Hon. Judge Kaplan's letter continues,     Page Two          Dec. 8, 2018

④ On October 30, 2018, the Complex Warden restored my ability to access the law library, institution bulletin board, and refilling prescriptions.

⑤ I have never been provided any formal notice as to why the above events have occurred by the BOP, nor given a chance to appeal the Warden's decisions and rationale.

⑥ Informally, I was told by BOP staff that FCC Florence's Complex Warden Andre Matevousian, suspended my access to these things to allow the BOP to verify my approved contacts and because some of my contacts phone numbers are ALLEGEDLY approved on another inmates' accounts. I was also told that I was going to be held in restrictive conditions in the ADX Step-Down Program Unit longer while an investigation was conducted.

⑦ All of my contacts were approved by the BOP. Most are my immediate family. Many of them were approved after being investigated by the Federal Bureau of Investigation (FBI). I have had most of these contacts on my list of approved contacts for many years. I never used them to circumvent BOP rules. I cannot think of any reason other than a computer error which would lead to another inmate having similar contacts. There is No BOP policy restricting inmates from contacting the same person or entity. The BOP and the Complex Warden Matevousian himself admitted to me that I had done nothing wrong. This rationale has nothing to do with the listed privileges at #6 Nos 3, 4, 7, 8, 9, 10, 11 & 12.

⑧ The BOP has pointed to No policy which arguably followed in the proper manner in the above events, because there is none.

⑨ The BOP has pointed to no policy or regulation allowing them to suspend my privileges and delay my transfer in this manner, simply because there is none.

cont'd, Page 3 →

Hon. Judge Kaplan's letter continues, Page Three     Dec. 8, 2018

(10.) No other prisoners are being treated this way.

(11.) E-mail has replaced letter writing as the central means of communication throughout the world. Taking it away, along with the phone, leaves me no means to effectively engage in free speech.

(12.) The above actions are arbitrary and capricious in violation of the Administrative Procedures Act (APA), 5 U.S.C. § 701 et seq.

(13.) They also violate the First Amendment, because they are not narrowly tailored to a substantial governmental interest.[1] They are also in violation of the First Amendment, because they are not reasonably related to a ligitimate penological interest, they lack a rational basis, they deny me almost any ability to exercise my freedom of speech, they do not relieve any burden on staff or prisoners, and there are obvious alternatives.

                                 Respectfully submitted,

                                 M'h'd
                                 Mohammad Salameh
                                 Reg. # 34338-054
                                 U.S.P. Florence-High
                                 P.O. Box 7000
                                 Florence, CO 81226-7000

---

(1) Note: Because the Complex Warden's actions implicate outgoing communications, not just incoming ones, the heightened scrutiny test under Procunier v. Martinez, 416 U.S. 396 (1974) applies.

Memorandum Endorsement        Salameh v. United States, 16-cv-5184 (LAK) [93-cr-180 (LAK)]

    Defendant was convicted of multiple felony counts in the first World Trade Center bombing case and is serving a sentence of 1,403 months of imprisonment (per Duffy, J.). This is a Section 2255 motion.

    The Court is in receipt of a letter from the defendant in which he complains about matters relating to the conditions of his confinement. But this proceeding relates solely to his attack on the judgment or sentence in his criminal case. Accordingly, to whatever extent the letter seeks relief with respect to the conditions of confinement it is DENIED without prejudice to the commencement of an appropriate civil action in an appropriate judicial district, presumably the District of Colorado.

    SO ORDERED.

Dated:  December 20, 2018

                _____
                 Lewis A. Kaplan
                 United States District Judge